**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JASON CHARLES MONK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No.: 3:13-cv-381-TAV-HBG |
| | ) | |
| DAVID RAY, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**<u>MEMORANDUM</u>**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff

submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a) and

accordingly was allowed to file this action without the prepayment of costs or fees or other

security therefor. The matter is before the Court on the motion to dismiss filed by the

defendants. For the following reasons, the motion to dismiss [Doc. 15] will be **GRANTED**

and this action will be **DISMISSED** in its entirety. All other pending motions will be

**DENIED** as **MOOT**.

The defendants move to dismiss the complaint on the ground that plaintiff's allegation

of poverty is untrue. Plaintiff filed a previous lawsuit against the same defendants in this

action, which was settled and the case dismissed pursuant to a joint stipulation of dismissal.

*Jason Charles Monk v. David Ray, et al.*, Civil Action No. 3:12-cv-542 (E.D. Tenn. January

23, 2013) (Stipulation of Dismissal). According to Jeffrey M. Ward, the defense counsel in

these cases, plaintiff Monk was paid $2000.00 pursuant to the settlement agreement; a check

was mailed to him at the Irwin County Detention Center in Ocilla, Georgia, by certified mail

on January 23, 2013. [Doc. 15, Motion to Dismiss, Attachment 1, Affidavit of Jeffrey M. Ward, pp. 1-2].

Plaintiff filed his application to proceed *in forma pauperis* in this case on July 1, 2013. [Doc. 1, Application]. In that application, he swore under penalty of perjury that he had received no income from any source during the previous twelve months. [*Id.* at 1]. According to the defendants, that was a false statement in light of the settlement check he had received some six months earlier.

In response to the motion to dismiss, plaintiff does not deny he received the settlement check but claims he misunderstood the *in forma pauperis* application and thought he was only to report income he had received at the Sturtevant Transitional Facility in Sturtevant, Wisconsin, the prison where he was confined when he filed this action. [Doc. 18, Response]. The application is very clear, however: the applicant is to report *any* income received from *any* source within the past twelve months. [*Id*].

In any case in which a plaintiff has been permitted to proceed without prepayment of fees and costs or security therefor, the Court may dismiss the case if the allegation of poverty is untrue. 28 U.S.C. §1915(e)(2)(A). The Court concludes that such a dismissal is proper in this case. This case will be **DISMISSED** in its entirety. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

2